UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISNEY ENTERPRISES, INC.,

    Plaintiff,

v.                                                          Case No.: 8:06-CV-1240-T-24-MAP

INNIS BUSINESS CORP. d/b/a CARIBE
MARKETING, JOHN S. STREB d/b/a
inniscorp.com d/b/a caribemarketing.com
d/b/a bbvp.com, and GREG GARNER d/b/a
INNIS BUSINESS CORP. d/b/a CARIBE
MARKETING d/b/a AMERICAN LEISURE
GROUP d/b/a americanleisuregroup.com
d/b/a inniscorp.com d/b/a caribemarketing.com,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants Innis business Corp. and John Streb's Amended Motion to Dismiss (Doc. No. 14). Plaintiff opposes this motion (Doc. No. 17).

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000) (citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he

1

bases his claim." Id. at 47. All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

## I. Background

Plaintiff alleges the following in its complaint (Doc. No. 1): Plaintiff Disney Enterprises, Inc. is the registered owner of various copyrighted and trademarked images of its Disney characters and Disney names. (¶ 9-13). Defendant John Streb is the officer, founder, and controlling force of Defendant Innis Business Corp. ("Innis"). (¶ 5-6). Defendants operate a "vacation package" sales business, wherein they sell vacation packages that include hotel, resort, and/or cruise accommodations together with tickets to attractions. (¶ 15). The hotel, resort, and cruise accommodations have no relationship to Plaintiff. (¶ 15).

Plaintiff alleges that Defendants' telephone and internet advertising of their vacation packages infringes on Plaintiff's copyrights and trademarks, and Plaintiff alleges that Defendants' advertising implies that the recipient is being offered a vacation that Plaintiff has authorized, sponsored, or is some way connected with or approved. (¶ 1, 20). Therefore, Plaintiff filed suit against Defendants,[1] asserting the following claims: (1) copyright infringement, (2) trademark infringement, (3) unfair competition under the Lanham Act, and (4) dilution under Florida Statute § 495.151.

## III. Motion to Dismiss

Defendants filed the instant motion to dismiss, in which they argue that all of Plaintiff's claims should be dismissed. Accordingly, the Court will analyze each claim.

---

[1] Plaintiff also sued Defendant Greg Garner, who is also an officer, founder, and controlling force of Innis. (¶7). However, the instant motion to dismiss is not filed on behalf of Garner, and as such, all further references to "Defendants" refer only to Streb and Innis.

2

### A.  Trademark Infringement

Plaintiff asserts a claim for trademark infringement.  A claim for trademark infringement exists against a "person who. . ., without the consent of the registrant . . . use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1)(a).

Defendants argue that this claim must be dismissed, because Defendants' use of Plaintiff's trademarks is not likely to cause confusion, to cause mistake, or to deceive.  The Court rejects this argument.

In its complaint, Plaintiff alleges that Defendants have used its trademarks, without authorization, in their advertisements and that Defendants' use of these trademarks "has and will cause the likelihood of confusion, deception and mistake."  (Doc. No. 1, ¶ 33).  Since this is a motion to dismiss and the Court must view the complaint in the light most favorable to Plaintiff, this Court finds that Plaintiff has sufficiently alleged facts to support its trademark infringement claim.  Whether or not Plaintiff can ultimately show that Defendants' use of Plaintiff's trademarks is likely to cause confusion, to cause mistake, or to deceive is an issue for the trier of fact or that can be raised in a motion for summary judgment.  Accordingly, the Court denies Defendants' motion as to this claim.

### B.  Unfair Competition

Plaintiff also asserts a claim for unfair competition under the Lanham Act.  A claim for unfair competition exists against a "person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or

any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(1)(A).

Defendants argue that this claim must be dismissed, because a reasonable person would not conclude that Plaintiff is the origin of Defendants' websites, is the sponsor of the websites, or gave its approval for the websites. The Court rejects this argument.

In its complaint, Plaintiff alleges that Defendants have used its trademarks "in an effort to mislead the purchasing public into believing that Defendants' goods and services are authorized or emanate from" Plaintiff. (Doc. No. 1, ¶ 42). Since this is a motion to dismiss and the Court must view the complaint in the light most favorable to Plaintiff, this Court finds that Plaintiff has sufficiently alleged facts to support its unfair competition claim. Whether or not Plaintiff can ultimately show that a reasonable person would conclude that Plaintiff sponsored or approved of the offerings on Defendants' website is an issue for the trier of fact or that can be raised in a motion for summary judgment. Accordingly, the Court denies Defendants' motion as to this claim.

### C.  Dilution of Trademarks

Plaintiff also asserts a claim for dilution of trademarks, pursuant to Florida Statute § 495.151. As one court has stated:

> Dilution differs from infringement in that it does not necessarily depend on either competing goods or likelihood of confusion. A violation of section 495.151 . . . [can be] based on either 1) a likelihood of injury to business reputation or 2) dilution of the distinctive quality of the trade name. . . . An actor is subject to liability . . . if, as a designation to identify its own goods, services, or business, the actor uses a designation that resembles the *highly distinctive* . . . mark of

>another in a manner likely to cause a reduction in the distinctiveness of the other's mark, or tarnishes the images associated with the other's mark.

Great Southern Bank v. First Southern Bank, 625 So. 2d 463, 470 (Fla. 1993)(internal citations and quotations omitted).

Defendants argue that this claim must be dismissed, because their advertising does not tarnish Plaintiff's trademark. The Court rejects this argument.

In its complaint, Plaintiff alleges that Defendants' conduct will tarnish Plaintiff's trademark and injure Plaintiff's business reputation. (Doc. No. 1, ¶ 46, 47). Since this is a motion to dismiss and the Court must view the complaint in the light most favorable to Plaintiff, this Court finds that Plaintiff has sufficiently alleged facts to support its dilution claim. Whether or not Plaintiff can ultimately show dilution is an issue for the trier of fact or that can be raised in a motion for summary judgment. Accordingly, the Court denies Defendants' motion as to this claim.

### D.  Copyright Infringement

Plaintiff also asserts a claim for copyright infringement. In order to state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Calhoun v. Lillenas Publishing, 298 F.3d 1228, 1232 (11th Cir. 2002).

Defendants argue that this claim must be dismissed, because their use of Plaintiff's copyrights was in good faith and in an effort to describe their own business. Defendants, however, fail to cite any case law to support its position that this claim must be dismissed. Accordingly, the Court denies Defendants' motion as to this claim.

5

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendants Innis business Corp. and John Streb's Amended Motion to Dismiss (Doc. No. 14) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 11th day of September, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record